1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10    EFRAIN CORNEJO,

11              Plaintiff,                    No. 2: 11-cv-0549 KJN P

12        vs.

13    MARTEL, et al.,

14              Defendants.              ORDER

15    _____/

16              Plaintiff is a state prisoner proceeding without counsel.  Plaintiff seeks relief

17    pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to

18    28 U.S.C. § 1915.  This proceeding was referred to this court pursuant to 28 U.S.C. § 636(b)(1)

19    and Local Rule 302.

20              Plaintiff has submitted a declaration that makes the showing required by

21    28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

22              Plaintiff is required to pay the statutory filing fee of $350.00 for this action.

23    28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing

24    fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court

25    will direct the appropriate agency to collect the initial partial filing fee from plaintiff's prison

26    trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated to

1

1   make monthly payments of twenty percent of the preceding month's income credited to

2   plaintiff's prison trust account.  These payments will be forwarded by the appropriate agency to

3   the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing

4   fee is paid in full.  28 U.S.C. § 1915(b)(2).

5          The court is required to screen complaints brought by prisoners seeking relief

6   against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

7   § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

8   claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

9   granted, or that seek monetary relief from a defendant who is immune from such relief.

10  28 U.S.C. § 1915A(b)(1),(2).

11         A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

12  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

13  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an

14  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

15  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

16  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

17  Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir.

18  2000) ("a judge may dismiss [in forma pauperis] claims which are based on indisputably

19  meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at

20  1227.

21         Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and

22  plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

23  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic

24  Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47

25  (1957).  In order to survive dismissal for failure to state a claim, a complaint must contain more

26  than "a formulaic recitation of the elements of a cause of action;" it must contain factual

2

1   allegations sufficient "to raise a right to relief above the speculative level." Id.  However,

2   "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair

3   notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson v. Pardus, 551

4   U.S. 89, 93 (2007) (quoting Bell Atlantic Corp., 550 U.S. at 555) (citations and internal

5   quotations marks omitted).  In reviewing a complaint under this standard, the court must accept

6   as true the allegations of the complaint in question,  id., and construe the pleading in the light

7   most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

8          Plaintiff alleges that he arrived at Mule Creek State Prison ("MCSP") on a non-

9   adverse hardship transfer.  Plaintiff alleges that defendants have now recommended that he be

10  transferred to Ironwood State Prison.  The only relief plaintiff seeks is an order stopping his

11  transfer to Ironwood State Prison.

12         Inmates do not have a constitutional right to be incarcerated at a particular

13  correctional facility or in a particular cell or unit within a facility.  See Montanye v. Haymes, 427

14  U.S. 236, 242-43 (1976) (finding no constitutional right to be housed in a particular state prison);

15  Meachum v. Fano, 427 U.S. 215, 224 (1976) (holding that no due process protections were

16  required upon the discretionary transfer of state prisoners to a substantially less agreeable prison).

17  For these reasons, the undersigned finds that plaintiff has not stated a colorable claim for relief.

18  The complaint is dismissed with leave to amend.

19         If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the

20  conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights.

21  Rizzo v. Goode, 423 U.S. 362, 371 (1976).  Also, the complaint must allege in specific terms

22  how each named defendant is involved.  Id.  There can be no liability under 42 U.S.C. § 1983

23  unless there is some affirmative link or connection between a defendant's actions and the

24  claimed deprivation.  Id.; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy,

25  588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official

26  participation in civil rights violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266,

3

1  268 (9th Cir. 1982).

2         In addition, plaintiff is hereby informed that the court cannot refer to a prior

3  pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that

4  an amended complaint be complete in itself without reference to any prior pleading.  This

5  requirement exists because, as a general rule, an amended complaint supersedes the original

6  complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended

7  complaint, the original pleading no longer serves any function in the case.  Therefore, in an

8  amended complaint, as in an original complaint, each claim and the involvement of each

9  defendant must be sufficiently alleged.

10         In accordance with the above, IT IS HEREBY ORDERED that:

11         1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

12         2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.

13  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.

14  § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the

15  Director of the California Department of Corrections and Rehabilitation filed concurrently

16  herewith.

17         3.  Plaintiff's complaint is dismissed.

18         4.  Within thirty days from the date of this order, plaintiff shall complete the

19  attached Notice of Amendment and submit the following documents to the court:

20         a.  The completed Notice of Amendment; and

21         b.  An original and one copy of the Amended Complaint.

22  Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the

23  Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must

24  also bear the docket number assigned to this case and must be labeled "Amended Complaint."

25  ////

26  ////

4

1   Failure to file an amended complaint in accordance with this order may result in the dismissal of

2   this action.

3   DATED:  March 8, 2011

4

5

6   KENDALL J. NEWMAN
    UNITED STATES MAGISTRATE JUDGE

7   cor549.14

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

1

2

3

4

5

6

7

8                            IN THE UNITED STATES DISTRICT COURT

9                         FOR THE EASTERN DISTRICT OF CALIFORNIA

10    EFRAIN CORNEJO,

11              Plaintiff,                          No. 2: 11-cv–0549 KJN P

12         vs.

13    MARTEL, et al.,                               NOTICE OF AMENDMENT

14              Defendants.

15    _____/

16              Plaintiff hereby submits the following document in compliance with the court's

17    order filed _____:

18              _____        Amended Complaint

19    DATED:

20

21                                                  _____
22                                                  Plaintiff

23

24

25

26

                                              6